United States District Court
Southern District of Texas
**ENTERED**
November 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DIANE  JACOBS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-65 |
| | § | |
| HENRY ANDREW TROCHESSET, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT SHERIFF TROCHESSET'S MOTION TO DISMISS REMAINING CLAIMS

In a previous Memorandum Opinion and Order, the Court detailed the allegations in Plaintiffs' live pleading, the Third Amended Complaint (Dkt. 40), and found that Sheriff Henry Andrew Trochesset's motion to dismiss the Plaintiffs' constitutional claims on the basis of qualified immunity should be granted in part, denied in part, and that limited discovery should proceed.

The Court now turns to the remaining grounds presented in the Sheriff's motion to dismiss, Dkt. 46. The factual background and legal standards from the Court's previous Memorandum and Opinion are incorporated herein, as applicable.

## ANALYSIS

### A.  Plaintiffs' 504 and ADA claims

Section 504 of the Rehabilitation Act of 1973 ("Section 504") is a federal law that protects qualified individuals with a disability from being excluded from participation in,

denied the benefits of, or subjected to discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

Title II of the Americans with Disabilities Act (the "ADA") was enacted later, and it extends the protections of Section 504 to "all programs of state or local governments, regardless of the receipt of federal financial assistance." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2011). Because Title II and Section 504 are so similar, this Court considers the Plaintiffs' claims under these statutes together, and applies "jurisprudence interpreting either section" to both. *See, e.g., Hainze,* 207 F.3d at 799; *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010) (evaluating plaintiff's claims under section 504 and the ADA together because the Fifth Circuit "equated liability standards" under the two statutes).

These provisions apply to state prisons and prisoners. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) ("[T]he statute's language unmistakably includes State prisons and prisoners within its coverage."); *Garrett v. Thaler*, 560 Fed. App'x. 375, 382 (5th Cir. 2014) ("Title II imposes an obligation on public entities to make reasonable accommodations or modifications for disabled persons, including prisoners."); *McCoy v. Texas Dept. of Criminal Justice*, No. 05-370, 2006 WL 2331055, at *7 (S.D. Tex. Aug. 9, 2006) ("In the prison context, for example, failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating

2

against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners.").

These obligations do not, however, apply to individual defendants. Plaintiffs' Third Amended Complaint makes it clear that they are suing Sheriff Trochesset solely in his individual capacity. Accordingly, the Court finds that the ADA and Section 504 claims against Sheriff Trochesset in his individual capacity should be dismissed, and the Court **GRANTS** the Sheriff's motion to dismiss on these grounds.

## B.  Texas State Law Claims

Next, Sheriff Trochesset contends that this Court should dismiss the Plaintiffs' state law claims.

First, the Sheriff basis this argument on a presumption that the Court has already dismissed all of the federal claims against him. The Court has not. Accordingly, the Court declines the Sheriff's invitation to dismiss the state law claims against him under 28 U.S.C. § 1367(c).

Next, the Sheriff argues that the Texas doctrine of official immunity requires the Court to dismiss Plaintiffs' claims under Article I, Section 13 of the Texas Constitution and for wrongful death under Texas law. Article I, Section 13 of the Texas Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. I, § 13. Texas courts have found this protection is substantially identical to the protections of the Eighth Amendment. *See, e.g., Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (finding no significance in differences between Eighth Amendment's "cruel and unusual" phrasing and Texas

Constitution's "cruel or unusual" phrasing). Texas's Wrongful Death Act is a statutory cause of action created "to allow a deceased tort victim's surviving parents, children, and spouse to recover damages for their losses from the victim's death." *In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 644 (Tex. 2009); TEX. CIV. PRAC. REM. CODE § 71.001 *et seq.*

In Texas, "[o]fficial immunity is an affirmative defense urged by, or on behalf of, a government employee who is sued for conduct occurring within the scope of his employment." *Williams v. City of Baytown*, 467 S.W.3d 566, 572 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Wadewitz v. Montgomery*, 951 S.W.2d 464, 465–66 (Tex. 1997)). "A governmental employee is immune from liability for the performance of discretionary duties within the scope of the employee's authority, provided the employee acts in good faith." *Id.* An officer acts in "good faith" if a reasonably prudent officer, under the same or similar circumstances, could believe that the officer's actions are necessary. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994). This "good faith" standard is "derived substantially" from the doctrine of qualified immunity under federal law. *Id.*

At this point, the Court incorporates its previous analysis and discussion of Sheriff Trochesset's qualified immunity for alleged violations of Jesse Jacob's Eighth Amendment rights. For the same reasons, the Court DENIES the Sheriff's motion to dismiss under Federal Rule 12(b)(6) on the grounds of official immunity under Texas law.

4

## CONCLUSION

In light of the foregoing, for the reasons stated above and in its previous Memorandum and Opinion, the Court **GRANTS** Sheriff Trochesset's motion to dismiss Plaintiffs' claims against him under the ADA and Section 504, but **DENIES** Sheriff Trochesset's motion to dismiss the Texas state law claims against him on the basis of official immunity.

SIGNED at Galveston, Texas, this 2nd day of November, 2016.

George C. Hanks Jr.
United States District Judge